**UNITED STATES OF AMERICA**

MOAKLEY DISTRICT COURT OF BOSTON     CASE NO. 05-10987-RGS

```
-------------------------------------------------------)
SCOTTY THYNG                                           )
                                                       )
        Plaintiff                                      )
                                                       )
                                                       )
v.                                                     )
                                                       )
                                                       )
FEMA et al                                             )
                                                       )
        Defendants                                     )
                                                       )
-------------------------------------------------------)
```

### 8/11/05 MOTION TO CONTINUE 9/19/05 SCHEDULING CONFERENCE TO A CERTAIN DATE

Now comes Plaintiff Thyng and states the following under oath.

Thyng has filed suit in Suffolk Superior Court and obtained a temporary injunction dated 4/21/05 against all action by FEMA under proposed LOMR and otherwise actions.

This case was removed to United States District One Court on 5/12/05.

On 5/27/05 the Injunction was upheld and reiterated based on pleadings of even date.

On 5/24/05 Thyng wrote to Anita Johnson, Council for the Defendants at her request an 18-page letter detailing Thyng's prior FOIA requests of the defendants. Also on that date as instructed Thyng spoke with and wrote to Kevin Merli of FEMA's Boston Office a 114-page document to reiterate the FOIA and request clarification of the CTP(s).

On 7/29/05 Thyng spoke with Anita Johnson to coordinate their work under the scheduling conference order and to complain that he had received absolutely no contact concerning his FOIA requests. Johnson informed Thyng she was not involved with those but contacted Jordan Fried Chief Council FEMA and asked Thyng to write to him and copy those prior requests. Thyng wrote to Jordan on 8/2/05.

Thyng requests a continuance to certain date of the 9/18/05 scheduling conference as without the aforesaid data he is unable to comply with LR: 16-2.2, 16-2.3, 16-2.4, 16-2.5, 16-2.6, 16-2.7, 16-2.8, 16-2.10.

Thyng is unable to comply with LR 16-2.9 without aforesaid documents. Thyng understands FEMA may have issued a document in accordance with Thyng's regulatory appeal of the proposed LOMR. Thyng has not yet received this document, which may address factual issues partly resolvable by settlement or stipulation prior to scheduling conference.

Thyng encloses as offer of proof a 1-page letter from FEMA dated 1/28/92 Exhibit "A". In said letter FEMA opines no damage to Thyng's property from the 500-year storm of record (the so-called Perfect Storm). The proposed LOMR is not credible on its' face if the perfect storm caused no damage to the residence which, at that time, was at elevation 7.9 NGVD. The proposed LOMR would possibly require elevation of structures to above NGVD 13. It does not correlate that FEMA can be on record of no damage to structures over 5' lower than they purport to claim by this 100-year event LOMR.

In the interest of fair play and judicial efficiency Thyng requests continuance to a certain date 60 days from his receipt of all documents requested.

Respectfully Submitted 8/11/05

Scotty Thyng
PO box 990813
Boston MA 02199

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served by first class mail on the Defendants this 11th day of August 2005

---------------------------------
Scotty Thyng

**NATIONAL FLOOD INSURANCE PROGRAM**


Exhibit "A"

January 28, 1992

Scott A. Thyng
198 Manet Avenue
Quincy, MA 02169

RE: Policy no: 2001933080
    Date of Loss: October 30, 1991

Dear Mr. Thyng:

We have received the adjuster's report documenting your claim captioned above.

The report advised that the adjuster's inspection of your property revealed no damage was sustained to your property from flood. It further stated that the damages seen were the result of settlement, and pre-existing conditions.

We are denying the claim and closing our file without payment for the reason(s) stated above.

If you wish to pursue this matter, you will have to engage the services of a structural engineer at your own expense to determine the exact cause and extent of damage.

You have one (1) year from the date of this denial to file suit in the U.S. District Court for the district in which the insured property was located at the time of loss.

Waiving none, but reserving all rights and defenses under the policy, we remain,

Sincerely,

D.L. Marks
Claims Examiner
NFIP Servicing Agent

S. E. Woods
FICO Manager
NFIP Servicing Agent