RGS 1/10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SCOTTY THYNG, )
)
Plaintiff, )
)
v. ) CIV. NO. 05-10987-RGS
)
FEDERAL EMERGENCY )
MANAGEMENT AGENCY, )
)
Defendant. )
)

Denied. R.G. Stearns DJ 11-8-05.

**MOTION TO RECONSIDER DISMISSAL 10-18-05 OR FAILING THAT THE ENTRY OF OTHER PLEADINGS**

Now comes Plaintiff Thyng and does state the following under oath:

Thyng first became aware of the dismissal on 10-25-05 at 2 pm. Thyng was never copied the dismissal by mail to date.

Thyng has been working steadily for over a month on a voluminous Opposition to Dismiss and More Definite Statement. Thyng drafted an enlargement of time that was agreed to by Defendants and filed with court. This enlargement was due in part to Thyng first receiving FEMA documents on 10-11-05 which both allege his administrative appeal is finalized and not finalized.

Due to excusable neglect of Thyng first being made aware the proposed LOMR was being used by the State to deny his construction on @ 4/20/05, Thyng did file for injunction in Superior Court on 4/21/05. Thyng also filed for administrative relief on that day. Thyng filed only a cursory complaint owing to time constraints.

Thyng states that the Defendants Motion to Dismiss is premature and that the Defendants should have requested a more definite statement to fully understand Thyng's complaint.

Thyng now comes before the court to provide a more definite statement and given said statement, to ask this court to reconsider the dismissal under Fed.R.Civ.Proc. 59, 60 and 61.

RGS 2/16

Thyng has been working on Motion in Opposition that he believed was due on 10-26-05. Thyng filed for enlargement of time that was not opposed by the Defendants but did not receive a response from the court.

Thyng presents this Motion in Opposition as a Motion to reconsider the Dismissal, and to enter his more definite statement. Failing this court to reconsider the dismissal, Thyng files other pleadings. Said other pleadings are necessary to clear up certain administrative issues and to assert Thyng's adjudicatory rights.

This court has, on 10-18-05, dismissed Thyng's complaint of 4-21-05 as barred by sovereign immunity. The Defendants argue Thyng's complaint is tortious and that FEMA, being a branch of Homeland Security, has not waived sovereign immunity.

Although FEMA may indeed have waived sovereign immunity by explicitly participating in litigation and by petitioning to have the case removed to this court, the gravamen of Thyng's complaint is gross negligence by persons at FEMA. FEMA is not protected against negligence tort claims by sovereign immunity.

FEMA cannot use sovereign immunity defense against other claims Thyng has detailed due to the extreme negligence of FEMA's personnel. "Whatever justifications existed for sovereign immunity from tort liability, they are no longer valid in today's society. Sovereign immunity from tort liability perpetuates injustice by barring recovery from tortuous conduct merely because of the status of the wrongdoer."[1]

Thyng cites the Declaration by Scotty Thyng 10-26-05 (the former Opposition to Dismiss) enclosed with this Motion. Thyng will prove FEMA violated the law by ignoring Dewberry and violated conflict of interest laws thereby.[2]

FEMA failed to correct the curvilinear line. Thyng alleges this was intentional as to do so would have removed many properties from FEMA's insurance program.[3]

Thyng makes notice that this complaint may need to be expanded to include Dewberry as a Defendant separate from FEMA's agency agreement, Pat Live Company (FEMA Map Center) and the City of Quincy as representatives of FEMA under NFIP contract.[4]

---

[1] *See* Bulman vs. Hulstand, Supreme Court of North Dakota, 1994

[2] Declaration by Scotty Thyng 10-26-05 Pg2 line 18

[3] Id. Pg. 4 line 8

[4] Id. Pg. 4 line 12

RGS 3/10

Thyng will prove FEMA duplicitous in claiming his topo was unacceptable as that it was not certified and rejecting his appeal (which would have removed all land from flood) and then selectively using said topo while capriciously ignoring vast amounts of other pertinent documents to the contrary, as basis to claim all of his land was flood land.[5]

FEMA wantonly violated the injunction (Exhibit "L") and that the state continues to prevent Thyng's construction based solely upon said LOMR. Thyng filed complaint with this court, which directed FEMA to file dispositive motion. FEMA's motion is unresponsive to Thyng's complaint of the violation of the injunction…[6]

Thyng has claimed the violation of the injunction by FEMA is tortious…[7]. The allegations are sufficient to state a cause of action.

The result of FEMA's violation has been a temporary taking and violates the Fifth Amendment and due process.[8]

Thyng can prevail under tort and taking as above because FEMA has acted with negligence …[9]. The allegations are sufficient to state a cause of action.

Sovereign Immunity is not a defense in violation of a Federal Court Order nor a defense from suit properly brought forth in Federal Court which is Plaintiff's only recourse for such blatant acts (see Pullman Constr., 23 F.3d at 1169)[10]

Thyng has requested Judicial Review of FEMA's actions.[11]

Thyng has not (yet) requested Judicial review of FEMA LOMR under USC 42 4104 (g) (technical review) as Thyng does not believe it has yet become final[12]

Thyng formally files in accordance with the above his appeal of said final administrative determination and notices the court he claims costs in accordance with USC 42 4104 (f) to be reimbursed (including this action) and asks the court, given the extreme nature of the circumstances surrounding the LOMR, that the existing injunction be continued and upheld for good cause at least until Thyng can get documents and data

---

[5] Id. Pg. 7 line 30
[6] Pg. 11 line 14
[7] Pg. 12 line 11
[8] Pg. 12 line 13
[9] Pg. 12 line 30
[10] Pg.13 line 1
[11] Pg 13 line 8
[12] Pg 13 line 15

RGS 4/10

to support a properly formatted appeal under USC 42 4104 (g). Thyng will if need be, prove through appeal to this court that the proposed LOMR is scientifically unsound and will prevail on the evidence and expert testimony (Exhibit "M").[13]

FEMA has waived sovereign immunity when they were served Thyng's complaint on 4/21/05, made no effort to resolve it under FTCA after 6-month period and then filed for dismissal. FEMA expressly waived sovereign immunity when they took action to participate in litigation (rather than resolve the case under FTCA, by removing said case to Federal Court. FEMA made no request of Thyng for more definite statement or took any actions to indicate other than their intent was to litigate in this court.

The gravamen of Thyng's original complaint is that FEMA is wrong and negligent; and Thyng's complaint of FEMA's violation of the injunction is that they have further injured him. The timing of this case could not be more poignant or relevant given the Supreme Court recently taking up just such issue, " The Supreme Court set the stage Tuesday for what could be a landmark ruling on government authority to regulate wetlands... They define wetlands so broadly that even dry desert areas of Arizona are being called wetlands..." In fact, it may be appropriate for this court to continue to enforce the injunction pending outcome of this potentially momentous Supreme Court Decision[14] The subject matter of the action asserts an interest.

**Failing in argument to reconsider Dismissal Thyng does motion as follows:**

Thyng requests declaratory action to clarify if and when said administrative appeal has or has not become final. Thyng argues in his declaration that FEMA cannot have even started the administrative appeal because they failed to provide Thyng documents he is entitled to in elaboration of his initial claim of appeal.

Thyng requests declaratory action to clarify if and when said administrative protest has or has not become final. As above, FEMA cannot have even started to resolve the protest because they failed to provide Thyng documents he is entitled to in elaboration of his initial protest.

[13] Pg. 13 line 25
[14] Pg. 15 line 5

KCS 5/10

FEMA attempts to finalize a LOMR that has been appealed and protested without following and of the requirements by law. FEMA has not yet even supplied the hydraulic data etc. which Thyng has a right to by appeal regulations. The process should not even begin until FEMA acknowledges Thyng's appeal, provides data required by law, and allows Thyng to append and modify appeal in accordance with said data. FEMA must then "work" with Thyng to resolve the appeal (to say nothing about FEMA willfully violated Federal Court Injunction.[15]

Thyng petitions the court to maintain the existing injunction, as he will be gravely injured if it is lifted and it is proper for this court to maintain injunction given the disputed facts. Thyng reiterates that the most appropriate action is for the Court to continue the injunction until more facts can be established. Clearly, given that well-founded allegations by Plaintiff must be taken at face value at this point, Thyng has established a case to continue the injunction.[16] Injunction- Thyng asserts he will succeed on the merits. Thyng will suffer irreparable harm if the injunction is not continued as there exists reasonable expectation that Thyng's land will become un-buildable. No hardship exists upon FEMA by injunction, it remains raw land after all, yet grave consequences result to Thyng if injunction is lifted. The LOMC applies only to Thyng's property (presumably) therefore there is no effect on the public interest. Given the years and emotional distress Thyng has been seeking to build on his land, no monetary damages could ever compensate his potential loss. This issue is so accute that, as cited, the Supreme Court itself has taken up the issue of Land Rights versus Government Environmental Restiction. This court is the only venue in which Thyng can bring forth his claims and this Court has subject matter jurisdiction and is well versed and emminently able to rule on the merits. The injunction does not prevent the temporary taking that has already occurred and is compensable (and punitive) on the facts. The injunction simply delays finality of an improper and scientifically wrong LOMC, and allows Plaintiff to assert his rights of due process.

---

[15] Exhibit "U" pg. 8 line 22
[16] Exhibit "U" pg. 13 line 24

RGS 6/10

Thyng has shown and will prove that FEMA has been arbitrary and capricious. Thyng has presented numerous instances and offers of proof to substantiate his clam.[17] FEMA fails to explain away their actions as anything other than as Thyng alleges. The inequitable conduct is a cause of action.

If this court finds that indeed FEMA has properly denied his administrative appeal, Thyng formally files in accordance with said final administrative determination and notices the court he claims costs in accordance with USC 42 4104 (f) to be reimbursed (including this action) and asks the court, given the extreme nature of the circumstances surrounding the LOMR, that the existing injunction be continued and upheld for good cause at least until Thyng can get documents and data to support a properly formatted appeal under USC 42 4104 (g). Thyng will if need be, prove through appeal to this court that the proposed LOMR is scientifically unsound and will prevail on the evidence and expert testimony (Exhibit "M").[18]

If this court finds that indeed FEMA has properly denied his administrative appeal, Thyng formally files notice of appeal under USC 42 4104 (g) and that said appeal cannot be completed until such time as Thyng receives documents as requested.

The gravamen of Thyng's original complaint is that FEMA is wrong and negligent; and Thyng's complaint of FEMA's violation of the injunction is that they have further injured him. The timing of this case could not be more poignant or relevant given the Supreme Court recently taking up just such issue, " The Supreme Court set the stage Tuesday for what could be a landmark ruling on government authority to regulate wetlands... They define wetlands so broadly that even dry desert areas of Arizona are being called wetlands..." In fact, it may be appropriate for this court to continue to enforce the injunction pending outcome of this potentially momentous Supreme Court Decision [19]

Thyng reasserts that FEMA has willfully violated the injunction causing Thyng harm and that such actions are not protected by sovereign immunity and Thyng requests declaratory action concerning said claim.

---

[17] Pg. 35 line 23
[18] Pg. 13 line 25
[19] Pg. 15 line 5

RGS 7/10

Thyng requests declaratory action concerning his claim which was filed for jury trial.

Thyng makes motion for court to compel FEMA's "new" Engineering Company to analyze and possibly resolve the LOMR. Thyng on knowledge and belief states that Michael Baker Corp. is aware of the shortcomings of the LOMA/LOMR and is in a position to remedy its failings.

## The Legal Standards

Soverign Immunity is not a defense in this case. *See* Pullman Constr., 23 F.3d at 1169. "Similar sovereignty concerns are not implicated by the maintenance of suit against the United States in federal court. Federal sovereign immunity has had such broad exceptions carved out of it that, as Pullman Construction concluded, "Congress, on behalf of the United States, has surrendered any comparable right not to be a litigant in its own courts." Id. In the present day, federal sovereign immunity serves merely to channel litigation into the appropriate avenue for redress."[20] Thyng asserts that this court is exactly the appropriate (and only) venue available and this case is both timely and ripe for adjudication due to gross negligence.

FEMA et al has waived sovereign immunity under 28 U.S.C. § 1331.[21]

FEMA has waived soverign immunity by expressly participating in and actively pursuing said litigation by having Thyng's complaint removed to this court, and by their actions subsequent. [22] FEMA expressly agreed to participate in litigation when, instead of

---

[20] Pullman Constr., 23 F.3d at 1169. Similar sovereignty concerns are not implicated by the maintenance of suit against the United States in federal court. Federal sovereign immunity has had such broad exceptions carved out of it that, as Pullman Construction concluded, "Congress, on behalf of the United States, has surrendered any comparable right not to be a litigant in its own courts." Id. In the present day, federal sovereign immunity serves merely to channel litigation into the appropriate avenue for redress Pullman Constr. at 1168 (quoting Art. I, section 9, cal. 7).

[21] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. - Thyng's claims of civil actions fall within this jurisdiction as FEMA is regulated by the CFR and Thyng makes claim of violations of said laws.

[22] in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in federal court....*see* 495 U.S. 299, 305 -06 (1990)