DL
2/19

UNITED STATES OF AMERICA

MOAKLEY DISTRICT COURT OF BOSTON    CASE NO. 05-10987-RGS

```
------------------------------------------------)
SCOTTY THYNG                                    )
                                                )
      Plaintiff                                 )
                                                )
                                                )
v.                                              )
                                                )
                                                )
FEMA et al                                      )
                                                )
      Defendants                                )
                                                )
------------------------------------------------)
```

## 2/22/06 MOTION FOR STATEMENT OF DECISIONS

Now comes Plaintiff Thyng and states the following under oath.

Thyng makes Motion for Statement of Decisions concerning the following.

On 7/28/05 I filed an Emergency Motion to Clarify Injunction. On 8/5/05 Judge Stearns ruled, "Denied. See Governments response of 8/3/05." Please provide a complete Statement of your decision and acknowledgement you reviewed my 19-page Motion. I have attached for your use a copy of the record Document # 8 which you can see is only 2-pages yet is noted by me "DC 2/19" and "DC 3/19" meaning pages 2 and 3 District Court of 19 pages[1]. There is a question therefore if you had the complete document before you including important Exhibits etc. for your review.

On 8/30/05 I filed a Complaint of Civil Contempt (29-pages) that Judge Stearns denied on 9/12/05, "Denied. The Government will file a dispositive motion within (14) days of the date of this Order R.G. Stearns DJ 9-12-05." Please provide a complete Statement of your decision and acknowledgement you reviewed my 29-page Motion. I have attached for your use a copy of the record Document # 11 which you can see is only 16-pages yet is noted by me, as per practice noted above "DC 1, 2, 6, 8, 10, 12, 13, 15, 17, 18, 19, 21, 23, 25, 27 and 29" Pages 3 and 4 (of the Motion Narrative) are missing. (The other "skipped" pages were simply dividers)[2]. The missing pages are the legal standards for the argument and are vital to the Complaint. There is a question if you had the complete

---

[1] Exhibit "A" attached 2-pages
[2] Exhibit "B" attached 3-pages 1/29, 2/29, 6/29.

document before you for your review. The Government did not deny they violated the Injunction therefore I believe I still have an outstanding claim for damages as filed above.

On 10/27/05 I filed a Motion to reconsider Dismissal 10-18-05 or Failing that the Entry of Other Pleadings. On 11/8/05 Judge Stearns ruled, "Denied. R.G. Stearns DJ 11-8-05." Please provide a complete Statement of your decision and acknowledgement you reviewed my Motion. I have attached for your use a copy of the record Document # 19 which you can see is only 7-pages.[3]. This is distressing because I created an exhaustive Motion in Opposition to Dismiss. I had been granted until 10/26/05 to complete my motion yet on 10/18/05 Judge Stearns prematurely dismissed the complaint. I changed my Motion in Opposition to my 10/27/05 "Motion for reconsideration or failing that the entry of other pleadings". This document consists of a 10-page Motion, a 45-page Declaration, Exhibits A-Q and 1-12 and R-U and 13-15 and V-X inclusive. The entire package is 450-pages. There is a question therefore if you had the complete document before you including important Exhibits etc. for your review.

Respectfully Submitted 2/22/06

_____
Scotty Thyng
PO box 990813
Boston MA 02199

---

[3] Exhibit "C" attached 7-pages

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served by first class mail on the Defendants this 22nd day of February 2006

*[signature]*

---------------------------------
Scotty Thyng

*Dc*
*4/19*

## THIS PAGE INTENTIONALLY LEFT BLANK

UNITED STATES OF AMERICA

MOAKLEY DISTRICT COURT OF BOSTON      CASE NO. 05-10987-RGS

---------------------------------------------)
SCOTTY THYNG                                 )
                                             )
    Plaintiff                                )
                                             )
v.                                           )
                                             )
                                             )
FEMA et al                                   )
                                             )
    Defendants                               )
---------------------------------------------)

### 7/28/05 EMERGENCY MOTION TO CLARIFY INJUNCTION

Now comes Plaintiff Thyng and states the following under oath.

Thyng has filed suit in Suffolk Superior Court and obtained a temporary injunction dated 4/21/05 against all action by FEMA under proposed LOMR and otherwise actions. (Attached Exhibit "A" 5- pages)

This case was removed to United States District One Court on 5/12/05. (Attached Exhibit "B" 5-pages)

On 5/27/05 the Injunction was upheld and reiterated based on pleadings of even date.

Thyng has recently learned to the best of his knowledge and belief, that the Massachusetts Department of Environmental Protection (DEP), acting under Superceding Order of Conditions Appeal, has referenced the said FEMA LOMR. Furthermore that the DEP, acting under guidelines of the local contract for Federal Flood Insurance through FEMA (attached Exhibit "C" 1-page), is planning to alter a pre-existing determination based on the proposed LOMR which is the subject of the Injunctive Relief. Furthermore, that the DEP plans to move said appeal to State Department of Adjudicatory Law Appeals based solely upon the proposed LOMR which has not taken effect due to Federal Injunction and local appeal.

This imminent action is in violation of the Injunctions and highly detrimental to the Plaintiff. This action would nullify three years of filings, variances and permits received

[Handwritten margin notes: "Denied. See Government's response of 8-3-05. R.B. Stearns DJ 8-5-05"]
[Handwritten top right: "DC 6/19", "DC 2/18", "Exhibit A 1/2"]

to date by Plaintiff on his house lot building permit, as well as the injunctive relief filed for and granted by both this court and state superior court. In effect, this action would constitute an "end-run" around the existing injunctions. Plaintiff pleads this court to issue immediate clarification of injunction to make clear said LOMR has:

1. Never become effective in accordance with Federal Law.
2. Cannot therefore be referenced or enforced in any way without violating said Federal Law.
3. Must be stricken from any Adjudicatory Process as invalid and as hearsay.
4. Any and all actions concerning said LOMR are to cease and desist immediately pending resolution of Federal Case # 1:05-cv-10987-RGS

Plaintiff has attached an "ORDER OF CLARIFICATION OF FEDERAL INJUNCTION 5/27/05 THYNG V. FEMA ET AL".

Plaintiff asks this court to immediately sign said clarification to allow Plaintiff to notify said agencies.

Respectfully Submitted 7/28/05

Scotty Thyng
PO box 990813
Boston MA 02199

Exhibit "A" 2/2

DC
8/19

**THIS PAGE INTENTIONALLY LEFT BLANK**




August 30, 2005

Civil Clerk
US District Court
Moakley Courthouse
1 Courthouse Way
Boston MA 02210

In hand

Re:   Case No. 05-10987-RGS
      Thyng v. FEMA et al

Dear Sir/Madam:

Enclosed are the following:

1.   8/30/05 Complaint of Civil Contempt
2.   8/30/05 Certificate of Service

Sincerely,

Scotty Thyng

Voice- 617-249-0949  Fax- 617-249-0949  Email- scottyat@csi.com

Po box 990813
Boston MA  02199

Cc:   Defendant's c/o

      Anita Johnson Esq.
      Assistant US Attorney
      Moakley Courthouse Suite 9200
      1 Courthouse Way
      Boston MA  02210

DC
10/19

DC
2/24

UNITED STATES OF AMERICA

MOAKLEY DISTRICT COURT OF BOSTON       CASE NO. 05-10987-RGS

SCOTTY THYNG

    Plaintiff

v.

FEMA et al

    Defendants

Exhibit B
2/3

[Handwritten margin note: Denied. The government will file a dispositive motion within fourteen (14) days of the date of this Order. R.D. Stearns US 9-12-05]

### 8/30/05 COMPLAINT OF CIVIL CONTEMPT

Now comes Plaintiff Thyng and states the following under oath.

Thyng has filed suit in Suffolk Superior Court and obtained a temporary injunction against all action by FEMA dated 4/21/05 (Attached Exhibit "A" 2 pages) Said preliminary injunction was scheduled for hearing to continue on 6/1/05. Said action has been removed to this court on 5/12/05.

This court has continued said injunction against FEMA and proposed LOMR becoming effective based on Plaintiff Motion of 5/27/05.

On 7/28/05 Plaintiff brought forth Motion to Clarify said Injunction as he notified the Court that the Massachusetts Department of Environmental Protection was relying on the proposed LOMR to stop his project in violation of the intent of the Injunction.

On 8/3/05 the Defendants filed a Response to the Motion in which they state in part, "...enjoining...FEMA...from finalizing this LOMR pending Thyng's rights to appeals and at law." "...in view of this Court's Order, the government has not finalized any revision to flood hazard map at this time.

On 8/3/05 the Court denied Thyng's Motion and referred to Defendants Response.

Thyng now comes before this court and states that FEMA has indeed finalized and published the LOMR. This is contrary to the Defendant Response of 8/3/05. Plaintiff





The LOMC will be effective 90 days after the issue date of the letter. Any requests to review or alter this determination should be made within 90 days and must be based on scientific or technical data.

http://www.fema.gov/fhm/st_lomc.shtm

**THIS PAGE INTENTIONALLY LEFT BLANK**

```
 1  IN THE UNITED STATES DISTRICT COURT
 2  FOR THE DISTRICT OF MASSACHUSETTS
 3
 4
 5  SCOTTY THYNG,            )
 6                           )
 7  Plaintiff,               )
 8                           )
 9  v.                       )     CIV. NO. 05-10987-RGS
10                           )
11  FEDERAL EMERGENCY        )
12  MANAGEMENT AGENCY,       )
13                           )
14  Defendant.               )
15  _____  )
16
```

## MOTION TO RECONSIDER DISMISSAL 10-18-05 OR FAILING THAT THE ENTRY OF OTHER PLEADINGS

20  Now comes Plaintiff Thyng and does state the following under oath:

21  Thyng first became aware of the dismissal on 10-25-05 at 2 pm. Thyng was never
22  copied the dismissal by mail to date.

23  Thyng has been working steadily for over a month on a voluminous Opposition to
24  Dismiss and More Definite Statement. Thyng drafted an enlargement of time that was
25  agreed to by Defendants and filed with court. This enlargement was due in part to Thyng
26  first receiving FEMA documents on 10-11-05 which both allege his administrative appeal
27  is finalized and not finalized.

28  Due to excusable neglect of Thyng first being made aware the proposed LOMR
29  was being used by the State to deny his construction on @ 4/20/05, Thyng did file for
30  injunction in Superior Court on 4/21/05. Thyng also filed for administrative relief on that
31  day. Thyng filed only a cursory complaint owing to time constraints.

32  Thyng states that the Defendants Motion to Dismiss is premature and that the
33  Defendants should have requested a more definite statement to fully understand Thyng's
34  complaint.

35  Thyng now comes before the court to provide a more definite statement and given
36  said statement, to ask this court to reconsider the dismissal under Fed.R.Civ.Proc. 59, 60
37  and 61.

Page 1 of 10

[Handwritten margin notes: "Denied. RGS Dearns DJ 11-8-05", "RGS 1/10", "13/17", "1/7"]

1   Thyng has been working on Motion in Opposition that he believed was due on 10-
2   26-05. Thyng filed for enlargement of time that was not opposed by the Defendants but
3   did not receive a response from the court.
4   Thyng presents this Motion in Opposition as a Motion to reconsider the
5   Dismissal, and to enter his more definite statement. Failing this court to reconsider the
6   dismissal, Thyng files other pleadings. Said other pleadings are necessary to clear up
7   certain administrative issues and to assert Thyng's adjudicatory rights.
8   This court has, on 10-18-05, dismissed Thyng's complaint of 4-21-05 as barred by
9   sovereign immunity. The Defendants argue Thyng's complaint is tortious and that FEMA,
10  being a branch of Homeland Security, has not waived sovereign immunity.
11  Although FEMA may indeed have waived sovereign immunity by explicitly
12  participating in litigation and by petitioning to have the case removed to this court, the
13  gravamen of Thyng's complaint is gross negligence by persons at FEMA. FEMA is not
14  protected against negligence tort claims by sovereign immunity.
15  FEMA cannot use sovereign immunity defense against other claims Thyng has
16  detailed due to the extreme negligence of FEMA's personnel. "Whatever justifications
17  existed for sovereign immunity from tort liability, they are no longer valid in today's
18  society. Sovereign immunity from tort liability perpetuates injustice by barring recovery
19  from tortuous conduct merely because of the status of the wrongdoer."[1]
20  Thyng cites the Declaration by Scotty Thyng 10-26-05 (the former Opposition to
21  Dismiss) enclosed with this Motion. Thyng will prove FEMA violated the law by
22  ignoring Dewberry and violated conflict of interest laws thereby.[2]
23  FEMA failed to correct the curvilinear line. Thyng alleges this was intentional as
24  to do so would have removed many properties from FEMA's insurance program.[3]
25  Thyng makes notice that this complaint may need to be expanded to include
26  Dewberry as a Defendant separate from FEMA's agency agreement, Pat Live Company
27  (FEMA Map Center) and the City of Quincy as representatives of FEMA under NFIP
28  contract.[4]

---

[1] *See* Bulman vs. Hulstand, Supreme Court of North Dakota, 1994
[2] Declaration by Scotty Thyng 10-26-05 Pg2 line 18
[3] Id. Pg. 4 line 8
[4] Id. Pg. 4 line 12

Page 2 of 10

RGS
3/10

DC
15/19

3/7

1  Thyng will prove FEMA duplicitous in claiming his topo was unacceptable as that
2  it was not certified and rejecting his appeal (which would have removed all land from
3  flood) and then selectively using said topo while capriciously ignoring vast amounts of
4  other pertinent documents to the contrary, as basis to claim all of his land was flood
5  land.[5]
6  FEMA wantonly violated the injunction (Exhibit "L") and that the state continues
7  to prevent Thyng's construction based solely upon said LOMR. Thyng filed complaint
8  with this court, which directed FEMA to file dispositive motion. FEMA's motion is
9  unresponsive to Thyng's complaint of the violation of the injunction...[6]
10  Thyng has claimed the violation of the injunction by FEMA is tortious...[7]. The
11  allegations are sufficient to state a cause of action.
12  The result of FEMA's violation has been a temporary taking and violates the Fifth
13  Amendment and due process.[8]
14  Thyng can prevail under tort and taking as above because FEMA has acted with
15  negligence ...[9]. The allegations are sufficient to state a cause of action.
16  Sovereign Immunity is not a defense in violation of a Federal Court Order nor a
17  defense from suit properly brought forth in Federal Court which is Plaintiff's only
18  recourse for such blatant acts (see Pullman Constr., 23 F.3d at 1169)[10]
19  Thyng has requested Judicial Review of FEMA's actions.[11]
20  Thyng has not (yet) requested Judicial review of FEMA LOMR under USC 42
21  4104 (g) (technical review) as Thyng does not believe it has yet become final[12]
22  Thyng formally files in accordance with the above his appeal of said final
23  administrative determination and notices the court he claims costs in accordance with
24  USC 42 4104 (f) to be reimbursed (including this action) and asks the court, given the
25  extreme nature of the circumstances surrounding the LOMR, that the existing injunction
26  be continued and upheld for good cause at least until Thyng can get documents and data

---

[5] Id. Pg. 7 line 30
[6] Pg. 11 line 14
[7] Pg. 12 line 11
[8] Pg. 12 line 13
[9] Pg. 12 line 30
[10] Pg. 13 line 1
[11] Pg 13 line 8
[12] Pg 13 line 15

1  to support a properly formatted appeal under USC 42 4104 (g). Thyng will if need be,
2  prove through appeal to this court that the proposed LOMR is scientifically unsound and
3  will prevail on the evidence and expert testimony (Exhibit "M"). [13]
4  FEMA has waived sovereign immunity when they were served Thyng's complaint
5  on 4/21/05, made no effort to resolve it under FTCA after 6-month period and then filed
6  for dismissal. FEMA expressly waived sovereign immunity when they took action to
7  participate in litigation (rather than resolve the case under FTCA, by removing said case
8  to Federal Court. FEMA made no request of Thyng for more definite statement or took
9  any actions to indicate other than their intent was to litigate in this court.
10  The gravamen of Thyng's original complaint is that FEMA is wrong and
11  negligent; and Thyng's complaint of FEMA's violation of the injunction is that they have
12  further injured him. The timing of this case could not be more poignant or relevant given
13  the Supreme Court recently taking up just such issue, " The Supreme Court set the stage
14  Tuesday for what could be a landmark ruling on government authority to regulate
15  wetlands... They define wetlands so broadly that even dry desert areas of Arizona are
16  being called wetlands..." In fact, it may be appropriate for this court to continue to
17  enforce the injunction pending outcome of this potentially momentous Supreme Court
18  Decision [14] The subject matter of the action asserts an interest.
19
20  **Failing in argument to reconsider Dismissal Thyng does motion as follows:**
21
22  Thyng requests declaratory action to clarify if and when said administrative
23  appeal has or has not become final. Thyng argues in his declaration that FEMA cannot
24  have even started the administrative appeal because they failed to provide Thyng
25  documents he is entitled to in elaboration of his initial claim of appeal.
26  Thyng requests declaratory action to clarify if and when said administrative
27  protest has or has not become final. As above, FEMA cannot have even started to resolve
28  the protest because they failed to provide Thyng documents he is entitled to in
29  elaboration of his initial protest.

---

[13] Pg. 13 line 25
[14] Pg. 15 line 5

Page 4 of 10

1    FEMA attempts to finalize a LOMR that has been appealed and protested
2    without following and of the requirements by law. FEMA has not yet even supplied the
3    hydraulic data etc. which Thyng has a right to by appeal regulations. The process should
4    not even begin until FEMA acknowledges Thyng's appeal, provides data required by law,
5    and allows Thyng to append and modify appeal in accordance with said data. FEMA
6    must then "work" with Thyng to resolve the appeal (to say nothing about FEMA willfully
7    violated Federal Court Injunction.[15]
8    Thyng petitions the court to maintain the existing injunction, as he will be gravely
9    injured if it is lifted and it is proper for this court to maintain injunction given the
10   disputed facts. Thyng reiterates that the most appropriate action is for the Court to
11   continue the injunction until more facts can be established. Clearly, given that well-
12   founded allegations by Plaintiff must be taken at face value at this point, Thyng has
13   established a case to continue the injunction.[16] Injunction- Thyng asserts he will succeed
14   on the merits. Thyng will suffer irreparable harm if the injunction is not continued as
15   there exists reasonable expectation that Thyng's land will become un-buildable. No
16   hardship exists upon FEMA by injunction, it remains raw land after all, yet grave
17   consequences result to Thyng if injunction is lifted. The LOMC applies only to Thyng's
18   property (presumably) therefore there is no effect on the public interest. Given the years
19   and emotional distress Thyng has been seeking to build on his land, no monetary
20   damages could ever compensate his potential loss. This issue is so accute that, as cited,
21   the Supreme Court itself has taken up the issue of Land Rights versus Government
22   Environmental Restiction. This court is the only venue in which Thyng can bring forth
23   his claims and this Court has subject matter jurisdiction and is well versed and
24   emminently able to rule on the merits. The injunction does not prevent the temporary
25   taking that has already occurred and is compensable (and punitive) on the facts. The
26   injunction simply delays finality of an improper and scientifically wrong LOMC, and
27   allows Plaintiff to assert his rights of due process.

---

[15] Exhibit "U" pg. 8 line 22
[16] Exhibit "U" pg. 13 line 24



1    Thyng has shown and will prove that FEMA has been arbitrary and capricious.
2    Thyng has presented numerous instances and offers of proof to substantiate his claim.[17]
3    FEMA fails to explain away their actions as anything other than as Thyng alleges. The
4    inequitable conduct is a cause of action.
5          If this court finds that indeed FEMA has properly denied his administrative
6    appeal, Thyng formally files in accordance with said final administrative determination
7    and notices the court he claims costs in accordance with USC 42 4104 (f) to be
8    reimbursed (including this action) and asks the court, given the extreme nature of the
9    circumstances surrounding the LOMR, that the existing injunction be continued and
10   upheld for good cause at least until Thyng can get documents and data to support a
11   properly formatted appeal under USC 42 4104 (g). Thyng will if need be, prove through
12   appeal to this court that the proposed LOMR is scientifically unsound and will prevail on
13   the evidence and expert testimony (Exhibit "M").[18]
14         If this court finds that indeed FEMA has properly denied his administrative
15   appeal, Thyng formally files notice of appeal under USC 42 4104 (g) and that said appeal
16   cannot be completed until such time as Thyng receives documents as requested.
17         The gravamen of Thyng's original complaint is that FEMA is wrong and
18   negligent; and Thyng's complaint of FEMA's violation of the injunction is that they have
19   further injured him. The timing of this case could not be more poignant or relevant given
20   the Supreme Court recently taking up just such issue, " The Supreme Court set the stage
21   Tuesday for what could be a landmark ruling on government authority to regulate
22   wetlands... They define wetlands so broadly that even dry desert areas of Arizona are
23   being called wetlands..." In fact, it may be appropriate for this court to continue to
24   enforce the injunction pending outcome of this potentially momentous Supreme Court
25   Decision [19]
26         Thyng reasserts that FEMA has willfully violated the injunction causing Thyng
27   harm and that such actions are not protected by sovereign immunity and Thyng requests
28   declaratory action concerning said claim.

---

[17] Pg. 35 line 23
[18] Pg. 13 line 25
[19] Pg. 15 line 5

1  Thyng requests declaratory action concerning his claim which was filed for jury
2  trial.
3  Thyng makes motion for court to compel FEMA's "new" Engineering Company
4  to analyze and possibly resolve the LOMR. Thyng on knowledge and belief states that
5  Michael Baker Corp. is aware of the shortcomings of the LOMA/LOMR and is in a
6  position to remedy its failings.
7
8
9  **The Legal Standards**
10
11  Sovereign Immunity is not a defense in this case. *See* Pullman Constr., 23 F.3d at
12  1169. "Similar sovereignty concerns are not implicated by the maintenance of suit against
13  the United States in federal court. Federal sovereign immunity has had such broad
14  exceptions carved out of it that, as Pullman Construction concluded, "Congress, on behalf
15  of the United States, has surrendered any comparable right not to be a litigant in its own
16  courts." Id. In the present day, federal sovereign immunity serves merely to channel
17  litigation into the appropriate avenue for redress."[20] Thyng asserts that this court is
18  exactly the appropriate (and only) venue available and this case is both timely and ripe
19  for adjudication due to gross negligence.
20  FEMA et al has waived sovereign immunity under 28 U.S.C. § 1331.[21]
21  FEMA has waived soverign immunity by expressly participating in and actively
22  pursuing said litigation by having Thyng's complaint removed to this court, and by their
23  actions subsequent.[22] FEMA expressly agreed to participate in litigation when, instead of

---

[20] Pullman Constr., 23 F.3d at 1169. Similar sovereignty concerns are not implicated by the maintenance of suit against the United States in federal court. Federal sovereign immunity has had such broad exceptions carved out of it that, as Pullman Construction concluded, "Congress, on behalf of the United States, has surrendered any comparable right not to be a litigant in its own courts." Id. In the present day, federal sovereign immunity serves merely to channel litigation into the appropriate avenue for redress Pullman Constr. at 1168 (quoting Art. I, section 9, cal. 7).
[21] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. - Thyng's claims of civil actions fall within this jurisdiction as FEMA is regulated by the CFR and Thyng makes claim of violations of said laws.
[22] in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in federal court....*see* 495 U.S. 299, 305 -06 (1990)